UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN WELFORD

V.                                                            D.N.  21 cv 338 (___)

INLINE PLASTICS CORP.                         MARCH 13, 2021

## COMPLAINT

### I.  Parties

1. The Plaintiff, Stephen Welford is a resident of Torrington, Connecticut.  He is a member of two protected classes as he is 62 years of age (DOB: October 31, 1958) and he is an individual with a disability (BELL'S PALSY).

2. The Defendant is Inline Plastics, Corp. ("Inline").  Inline is a Corporation doing business in Shelton, Connecticut and employs in excess of 250 employees.  It has a business address at 42 Canal Street, Shelton, Connecticut.

### II.  Jurisdiction, Venue and Equitable Relief

3. This action against Inline Plastics Corp. arises under the Age Discrimination in Employment Act as Amended and the Americans with Disabilities Act as Amended.  This Honorable Court has jurisdiction over this action pursuant to the Age Discrimination in Employment

Act as Amended and the Americans with Disabilities Act as amended.  Equitable and other relief is sought under the Age Discrimination in Employment Act as Amended and the American's with Disabilities Act as Amended.

4. The Plaintiff has exhausted the administrative remedies made available to him by filing his claims with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") Case Number 2130035 and the Equal Employment Opportunities Commission ("EEOC") Case Number 16A-2020-01369 and then requesting a release of jurisdiction and having the request granted by way of a "Release of Jurisdiction" from the CCHRO dated February 16, 2021 (attached).

5. Venue is proper in this District and Division pursuant to the Age Discrimination in Employment Act as Amended and the Americans With Disabilities Act as amended because a substantial part of the events giving rise to Plaintiff's claim arose here and one or more of the breaches of which Plaintiff complains occurred here.

**III. Statement of Facts**:

6. The Plaintiff is a 62 year old (DOB: October 31, 1958) individual with a disability (BELL'S PALSY).

7. The Plaintiff began working for Defendant Inline when Mr. Thomas Orkisz hired him as Director of Human Resources on February 14, 2017. Prior to that time, he was contracted as a consultant by Mr. Orkisz from October, 2016 to February, 2017.

8. Inline is a company that designs, produces, markets and sells thermo-formed plastic containers mainly for the food industry. Inline employs over 825 employees working out of four Connecticut locations (Shelton Corporate, Shelton Manufacturing, Shelton Distribution, Milford Research Development and Engineering), Salt Lake City and McDonough, Georgia.

9. Throughout his employment with Inline he was a loyal, hard working employee doing an exemplary job. He always went above and beyond to serve the interests of the company including significant cost savings ($300,000) over two and a half years through CT Incumbent Worker Training and Apprenticeship Programs.

10. The Plaintiff did not receive performance evaluations in violation of the Offer Letter and Company Policy.

11. In November, 2017, the Plaintiff became aware that former employee Peter Kleftogiannis had filed a complaint alleging age discrimination against Inline.  Peter Kleftogiannis currently has a lawsuit pending in Superior Court for the State of Connecticut, Judicial District of Ansonia/Milford at Milford: <u>Peter Kleftogiannis v. Inline Plastics Corporation</u>, Docket Number: AAN CV 20 604 0119 S alleging age discrimination and defamation.

12. In August, 2018, the Plaintiff suffered the onset of Bell's Palsy, usually a temporary affliction that causes one side of a person's facial muscles to droop resulting in slurred speech, difficulty speaking and inability to close the affected side's eye lid.  Usually it is temporary, but in some cases, there is a residual effect of speaking and eye closing difficulties.  The condition is extremely dramatic and almost hideous in the initial stages and generally subsides as the facial nerve's inflammation decreases.  In his case, he had gradually restored his facial muscle's strength through physiotherapy, but he had chronic watering in his left eye and periodic difficulty in speaking without a slur.

13. In September, 2018, the Plaintiff was demoted to a temporary reassignment reporting to the Operations Vice President at Inline (Mr. James Pocaro).

14. In April, 2019, the Plaintiff suffered a second onset of Bell's Palsy which affected the right side of his face.

15. In May, 2019, Mr. Orkisz commented to the Plaintiff that he had been threatened with lawsuits by the previous two Vice Presidents of Human Resources (Steven O'Brien and Lee Estabrook) and Mr. Orkisz commented to the Plaintiff that he was "not worried about future cases".

16. In May, 2019, the Plaintiff was informed by Mr. Orkisz that a search for his replacement had started and that he would be demoted to Corporate Human Resources Business Partner once the replacement was indentified and onboard. The Defendant further informed the Plaintiff that the above role and his future would be determined by his replacement. When demoted, his salary would be reduced by $50,000.00 and he would lose his LTIP/Supplementary Bonus. As his 401 (k) retirement Plan was salary based, his contributions and match would also be adversely affected.

17. In July, 2019, the Plaintiff became aware that a second complaint alleging discrimination on the basis of age and disability had been filed by former Inline employee Marzena Polkowski.

18. In July, 2020, the Plaintiff realized that Mr. Orkisz made a habit of discriminating against employees on prohibited grounds and that he himself had been discriminated against. The Plaintiff filed a complaint of age and disability discrimination with the Connecticut Commission on Human Rights and Opportunities ("CCHRO").

19. On July 9, 2020, the Plaintiff submitted an affidavit of discrimination to the CCHRO in which he alleged that, the owner of Inline, Mr. Tom Orkisz, "had an unstated practice of discriminating against employees on the basis of both age and disability and possibly discriminating against employees on other prohibited grounds."

20. On February 16, 2021, the Plaintiff obtained a "Release of Jurisdiction" from the CCHRO enabling him to file his discrimination claims in this court.

**IV. Count One: Violation of the Age Discrimination in Employment Act as Amended, 29 U.S.C. Sections 621 et seq.**

21.  The Defendant violated the Age Discrimination in Employment Act as Amended, 29 U.S.C. Sections 621 et seq. by discriminating against the Plaintiff on the basis of his AGE.

**V. Count Two: Violation of Connecticut General Statutes Section 46a-60**:

22.  The Defendant violated the provisions of Connecticut General Statutes Section 46a-60 by discriminating against the Plaintiff on account of the Plaintiff's AGE.

**VI. Count Three: Violation of the American's With Disabilities Act as Amended, 42 U.S.C. Sections 12101 et seq.**:

23. The Defendant violated the provisions of the American's With Disabilities Act as Amended 42 U.S.C. Sections 12101 et seq. by discriminating against the Plaintiff on the basis of his disability (BELL'S PALSY).

**VII. Count Four: Violation of Connecticut General Statutes Section 46a-60**:

24. The Defendant violated the Connecticut General Statutes Section 46a-60 by discriminating against the Plaintiff on the basis of his disability (BELL'S PALSY).

**VIII.  Count Five: Breach of Contract:**

25.  The Defendant agreed in writing to provide the Plaintiff with a review of his salary in July, 2017 and by Company policy and practice annually thereafter, every year in which he worked for the Defendant and met his goals he would receive a raise.  No such review was conducted. During his period of employment, the Plaintiff would have been eligible for a minimum 3% salary adjustment per each year or partial year assuming average performance.

26.  The amount the Plaintiff is due and owing as a result of the written agreement is at least $12,835.00.  The Plaintiff is entitled to damages as a result of this breach of contract.

**IX. Damages/Prayer for Relief**:

27. As a result of Defendant's unequal treatment and discriminatory treatment of the Plaintiff and defamation of the Plaintiff, the Plaintiff has suffered financially. His career path has been forever altered negatively and he has lost opportunities for employment as a result of the intentional discrimination and inappropriate and illegal conduct. As to all Counts, the Plaintiff prays for the following:

    a. Compensatory Damages;

    b. Economic Damages;

    c. Equitable Damages;

    d. Attorney's Fees and Costs;

    e. Punitive Damages;

    f. All Other Damages Available.

THE PLAINTIFF:


By:___/s/ Daniel H. Kryzanski ct 15620
      Daniel H. Kryzanski, Esq.
      Law Offices of Daniel H. Kryzanski
      30 Ferry Blvd. #2
      Stratford, CT 06615
      Phone: (203) 380-1384
      Fax: (203) 380-1598
      Federal Bar: CT 15620